UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
SCOTT KELLY HANSEN, : CASE NO. 3:16-CV-02653
:
       Petitioner, :
:
vs. : ORDER
: [Resolving Doc. No. 1 ]
JOHN COLEMAN, :
:
       Respondent. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* petitioner Scott Kelly Hansen filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Hansen is currently incarcerated in the Toledo Correctional Institution, having been denied parole from his state sentences on August 10, 2016. In his Petition, he claims the Ohio parole board improperly considered his multiple federal bank robbery convictions to deny his release on parole. Hansen previously filed a substantially similar Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 to challenge the denial of his release on parole. That Petition was denied and dismissed on the merits. For the reasons stated below, this § 2241 Petition is successive, and is transferred to the United States Sixth Circuit Court of Appeals for leave to proceed.

## I.  Background

In 1981, Hansen pled guilty in the Lucas County Court of Common Pleas to charges of Receiving Stolen Property - Motor Vehicle, Disposing of Stolen Property and Grand Theft.[1] He pled guilty in the Wood County Court of Common Pleas to Receiving Stolen Property, and in the Marion County Court of Common Pleas pled guilty to Escape.  Hansen's aggregate state sentences are four and a half years to twenty-five years in prison.

Hansen was released on parole supervision on August 27, 1984.  Less than one month later, on September 21, 1984, Hansen was arrested and charged in this federal court with Bank Robbery.  The Court sentenced him to ten years in prison.  He was released from federal prison in 1991 and within months was convicted of his second Bank Robbery offense in the United States District Court for the Northern District of Ohio.  This Court sentenced him to eleven years in prison.  Hansen was released from federal custody on October 17, 1997.  In 1998 and 1999, Hansen was indicted in the United States District Court for Rhode Island for seven bank robberies.  He was convicted of these charges and Escape in February 2000.  The District of Rhode Island sentenced him to an aggregate term of 221 months in prison.  The OAPA issued a state detainer warrant.  After Hansen was released from federal prison in 2014, he was returned to the custody of the Ohio Department of Rehabilitation and Correction ("ODRC").  The OAPA promptly conducted a parole violation hearing, revoked Hansen's parole, and denied his eligibility for release on parole for twenty-four months.

---

[1] *Hansen v. Morgan*, No. 3:15 CV 44 (N.D. Ohio filed Jan. 5, 2015)(Doc. No. 28 PageID # 227).

Hansen filed a Petition for a Writ of Habeas Corpus in this Court on December 29, 2014 to challenge both his 1981 judgment of conviction and the sentence imposed on September 8, 2014 at the parole violation hearing. *Hansen v. Morgan*, No. 3:15 CV 44 (N.D. Ohio filed Jan. 5, 2015). That Petition is currently pending before United States District Court for the Northern District of Ohio Chief Judge Solomon Oliver, Jr.

On August 10, 2016, the OAPA conducted a parole release consideration hearing for Hansen. He was denied release at that time, and his hearing was continued to June 2018. His maximum state sentence expires on October 15, 2035.

On August 25, 2016, Hansen filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 to challenge the August 10, 2016 parole release consideration hearing.[2] Specifically, Hansen asserted that the OAPA improperly considered his federal bank robbery convictions to determine his risk of recidivism and to deny him parole. The Court denied the Petition on it merits on October 13, 2016.

Having failed to obtain relief under 28 U.S.C. § 2254, Hansen filed the same Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 to challenge the August 10, 2016 parole release hearing. He again asserts that the OAPA considered his federal bank robbery convictions to deny him parole.

**II. Successive Petitions**

Before a second or successive Petition for a Writ of Habeas Corpus can be filed in the District Court, the Petitioner must file a Motion in the appropriate United States Circuit Court of

---

[2] *Hansen v. Coleman*, No. 3:16 CV 2147 (N.D. Ohio Oct. 13, 2016)(Boyko, J.)

Appeals for an order authorizing the District Court to consider the application.[3] Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a District Court does not have jurisdiction to entertain a successive Post-Conviction Motion or Petition for Writ of Habeas Corpus in the absence of an order from the Court of Appeals authorizing the filing of such successive Motion or Petition.[4] Unless the Court of Appeals has given approval for the filing of a second or successive Petition, the District Court must transfer the Petition to the Sixth Circuit Court of Appeals.[5]

Hansen seeks to avoid the restriction on filing successive Petitions by filing this Petition under 28 U.S.C. § 2241. It is a well-established rule of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one.[6] All Petitions filed by prisoners in custody pursuant to state court judgments are considered filed under 28 U.S.C. § 2254 and are subject to the various restrictions imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA) for obtaining habeas relief from a state conviction, including those regarding successive petitions and time limitations.[7]

That being the case, this is a successive Petition and this Court is without jurisdiction to entertain a second or successive § 2254 Petition unless authorized by the Court of Appeals for the Sixth Circuit.

---

[3] 28 U.S.C. § 2244(b)(3)(A)

[4] *Nelson v. United States*, 115 F.3d 136 (2nd Cir.1997); *Hill v. Hopper*, 112 F.3d 1088 (11th Cir.), cert. denied, 520 U.S. 1203 (1997).

[5] *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997).

[6] *See Edmond v. United States*, 520 U.S. 651, 657 (1997).

[7] See Rittenberry v. Morgan, 468 F.3d 331, 337 (6th Cir.2006)

## IV. Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is transferred to the United States Sixth Circuit Court of Appeals.

IT IS SO ORDERED.


Dated: November 22, 2016                *s/     James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE